■ 52 FLAVORS, INC., Appellant, v. BAKER AND CONFECTIONERY SALES-CLERKS UNION, LOCAL 150 OF GREATER NEW YORK, RETAIL CLERKS INTERNATIONAL ASSOCIATION, AFL-CIO, Respondent.— Order, Supreme Court, New York County, entered December 27, 1973, denying petitioner's motion for a stay of arbitration, unanimously reversed, on the law, the motion granted and arbitration stayed. Appellant shall recover of respondent $40 costs and disbursements of this appeal. It appears that at the time the collective bargaining agreement was executed petitioner had no employees, i.e., salesclerks. Accordingly, the agreement with the respondent union was invalid since the union was not a representative of a majority of the employees (Labor Law, § 705; *Goodwins, Inc.* v. *Hagedorn,* 303 N. Y. 300). Indeed, enforcement

of such an agreement containing a union shop provision, would result in coercing future employees to join the nonmajority union, thus depriving them of their right to bargain collectively through a representative of their own choosing. Such is violative of the provisions of the Labor Law and constitutes an unfair labor practice (Labor Law, §§ 703, 704, subds. 5, 10). The fact that Harvey Jaffe signed an application for membership in the union prior to the execution of the collective bargaining agreement is irrelevant. Harvey Jaffe, being the president and sole stockholder of petitioner, cannot be considered an employee for purposes of collective bargaining (Labor Law, § 701, subd. 2). And, even giving credit to the manner in which the agreement was executed, Harvey Jaffe may not be considered an employee for those purposes. The agreement was signed on behalf of petitioner by Sidney Jaffe, the father of Harvey Jaffe. The Labor Law specifically excludes from the definition of employees "any individual employed by his parent". (Labor Law, § 701, subd. 3; see, also, Labor Law, § 701, subd. 2.) Accordingly, since the collective bargaining agreement was illegal, being violative of public policy as expressed in the provisions of the Labor Law, arbitration should be stayed (*Matter of Aimcee Wholesale Corp.* [*Tomar Prods.*], 21 N Y 2d 621; *Durst v. Abrash*, 22 A D 2d 39, affd. 17 N Y 2d 445). Concur — McGivern, P. J., Steuer, Tilzer and Capozzoli, JJ.