■ PERNA CARTING CORPORATION, Appellant, v PRIVATE SANITATION UNION, LOCAL 813, I.B.T., Respondent.—Order and judgment (one paper), Supreme Court, New York County (Martin Evans, J.), entered November 25, 1987, which granted petitioner's application to stay arbitration only to the extent of staying arbitration of disputes arising after December 1, 1984, unanimously affirmed, with costs.

Despite its execution of a series of collective bargaining agreements with respondent Union, petitioner argues that respondent never represented the bargaining unit, and thus could not enter into a valid collective bargaining agreement, since a contract entered into by a union representing less than a majority of employees is invalid and unenforceable (citing *Garment Workers v Labor Bd.,* 366 US 731; *52 Flavors v Baker & Confectionary Salesclerks Union,* 46 AD2d 875). This argument is without merit insofar as the 1981 contract is concerned, given the presumption of continuing validity that attaches to collective bargaining agreements *(National Labor Relations Bd. v Carmichael Constr. Co.,* 728 F2d 1137). *52 Flavors (supra),* relied upon by petitioner, is distinguishable in that it involved an initial agreement that was executed before any employees were hired, and not, as here, a renewal agreement.

Concerning petitioner's claim that the initial agreement was invalid, the mere statement of its president that it never had less than 12 employees (at least three of whom were shown to be union members), unsupported by documentary proof of any kind, is insufficient to establish that respondent Union repre-

sented only a minority of workers. Concur—Milonas, J. P., Wallach, Ross, Asch and Smith, JJ.